IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>and )<br>)<br>THE STATE OF INDIANA, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE CITY OF INDIANAPOLIS, INDIANA, )<br>)<br>Defendant. )<br>) | Civil Action No. |

## COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through its undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("U.S. EPA"), and the State of Indiana (the "State"), by the authority of its Attorney General and on behalf of the Indiana Department of Environmental Management ("IDEM"), allege as follows:

### NATURE OF ACTION

1. This is a civil action brought by the United States and the State of Indiana against the City of Indianapolis, Indiana (the "City" or the "Defendant") seeking civil penalties and injunctive relief for the City's violations of the Clean Water Act, 33 U.S.C. §§ 1251 et seq. (the "CWA"), Title 13 of

the Indiana Code ("Ind. Code"), Title 327 of the Indiana Administrative Code ("IAC"), Articles 2 and 5, and the National Pollutant Discharge Elimination System permits (the "NPDES Permits") issued by IDEM pursuant to the CWA. The State is a party to this action pursuant to Section 309(e) of the CWA, § 1319(e), and 28 U.S.C. § 1367(a).

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), 28 U.S.C. §§ 1331, 1345 and 1355.

3. This Court has supplemental jurisdiction over the State law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because the State claims are so related to the federal claims as to form part of the same case or controversy.

4. Venue is proper in the Southern District of Indiana pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (e), and 1395(a), because the Defendant is located in this District and the causes of action alleged in the complaint arose in this District. Venue in this District is also proper under 28 U.S.C. § 1367(a).

5. As a signatory to this complaint, the State has actual notice of the commencement of this action in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

6. The Attorney General is authorized to appear and represent the United States in this action pursuant to Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

7. The Indiana Attorney General is authorized to appear and represent the State in this action pursuant to Ind. Code §§ 4-6-3-2, 13-30-4-1 and 13-14-2-6.

THE PARTIES

8. Plaintiff United States of America is acting at the request and on behalf of the Administrator of the U.S. Environmental Protection Agency ("Administrator").

9. Plaintiff State of Indiana is acting at the request and on behalf of the Indiana Department of Environmental Management. The State is a "person" as that term is defined in Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

10. Defendant City of Indianapolis is a "municipality" and political subdivision of the State of Indiana located in Marion County, Indiana. Defendant is a "person" within the meaning of Sections 502(4) and (5) of the CWA, 33 U.S.C. §§ 1362(4) and (5).

11. Defendant owns and, currently through its contractor, United Water (formerly White River Environmental Partnership), operates the Belmont Advanced Wastewater Treatment Plant ("Belmont AWTP") and the Southport Advanced Wastewater Treatment Plant (the "Southport AWTP"), both of which are located in Marion County and discharge treated effluent into the White River. Defendant also owns and, currently through its contractor, United Water, operates the sewer system that receives and manages domestic sewage, industrial wastewater and stormwater in the Indianapolis area and feeds into the Belmont and Southport AWTPs.

## STATUTORY BACKGROUND

12. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and Ind. Code 13-18-4-5 prohibit the "discharge of pollutants" into navigable waters by any person except, *inter alia*, in compliance with an NPDES permit issued by U.S. EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

13. Section 402(a) of the CWA, 33 U.S.C. § 1342(a), provides that the permit issuing authority may issue an NPDES permit that authorizes the discharge of any pollutant directly into navigable waters of the United States, but only in compliance with the applicable requirements of Section 301 of the CWA, 33 U.S.C. § 1311, and such other conditions as the authority determines are

3

necessary to carry out the provisions of the CWA. IDEM is charged with the administration and enforcement of the requirements of the CWA in and for the State of Indiana pursuant to Ind. Code § 13-13-5-1(1).

14. At all times relevant to this complaint, IDEM has been authorized by EPA, pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b), and Ind. Code 13-13-5-1(1) to administer an NPDES permit program for regulating discharges of pollutants into navigable waters within its jurisdiction. 40 Fed. Reg. 4033 (Jan. 27, 1975). 327 IAC 5-2-2 prohibits the discharge of pollutants to waters of the State except as authorized by a duly issued NPDES permit.

15. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued under Section 402 of the CWA, 33 U.S.C. § 1342. The water pollution control laws may be enforced under Ind. Code § 13-30-3 or Ind. Code § 13-14-2-6.

16. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty payable to the United States of up to $25,000 per day for each violation occurring prior to January 30, 1997. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note; 69 Fed. Reg. 7121 (February 13, 2004) EPA may seek civil penalties of up to $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2004 and up to $32,500 per day for each violation occurring after March 15, 2004.

17. 327 IAC 5-2-20 and Ind. Code §§ 13-30-4-1 and 13-14-2-6 authorize the State to commence a civil action for appropriate relief to address violations of Title 327 of the IAC, Article 5, including injunctive relief and civil penalties. Such appropriate relief includes a permanent or temporary injunction, as well as a civil penalty of up to $25,000 per day for each violation.

## GENERAL ALLEGATIONS

18. At all time relevant to this complaint, the Defendant has discharged and continues to discharge "pollutants" within the meaning of Section 502 (6) and (12) of the CWA, 33 U.S.C. § 1362 (6) and (12), and 327 IAC 5-41, from its two wastewater treatment plants and sewer system through various "point sources" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362 (14), and 327 IAC 5-1.5-40, into "navigable waters" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362 (7). These waters include, but are not limited to, the West Fork of the White River, White River, Pogues Run, Pleasant Run, Fall Creek, Little Eagle Creek, State Ditch, Bean Creek, Lick Creek, Union Creek, Blue Creek, Little Buck Creek, Big Eagle Creek and Meadow Brook.

19. In 1985, IDEM, under the authority of Section 402(b) of the CWA, 33 U.S.C. § 1342(b), and Ind. Code § 13-13-5-1(1), issued Permit No. IN 0023183 (the "1985 Belmont Permit) to the Defendant. The 1985 Belmont Permit authorized the Defendant to discharge pollutants into the West Fork of the White River from the Belmont AWTP and, during wet weather, from two bypass outfalls specified in Attachment A to that permit, in accordance with the effluent limitations, sampling requirements and other conditions of the permit. Attachment A to the 1985 Belmont Permit also prohibited dry weather discharges from the bypass outfalls.

20. In 1985, IDEM, under the authority of Section 402(b) of the CWA, 33 U.S.C.

§ 1342(b), and Ind. Code § 13-13-5-1(1), issued Permit No. IN 0031950 (the "1985 Southport Permit") to the Defendant. The 1985 Southport Permit authorized the Defendant to discharge pollutants into the West Fork of the White River, White River, Pogues Run, Pleasant Run, Fall Creek, Little Eagle Creek, Bean Creek, Little Buck Creek and Big Eagle Creek from the Southport AWTP and, during wet weather, from a bypass outfall and approximately 127 combined sewer outfalls ("CSO"s) specified in Attachment A to the permit, all in accordance with the effluent limitations, sampling requirements and other conditions of the permit. Attachment A to the 1985 Southport Permit also prohibited dry weather discharges from the specified bypass and CSO outfalls. In addition, Attachment A to the 1985 Southport Permit prohibited Defendant from discharging at any time from specified sanitary system bypass or overflow ("SSO") points.

21. The two 1985 NPDES permits expired by their own terms in 1990. By State law, however, the conditions in those permits continued in force until the effective date of renewal permits.

22. IDEM issued renewal permits for both the Belmont and Southport AWTPs on October 26, 2001, with December 1, 2001 effective dates for each permit. Portions of these permits relevant to this complaint were stayed pending certain appeals, until August 28, 2003.

23. As with the 1985 permits, the 2001 Belmont and Southport permits authorize the Defendant to discharge pollutants into named receiving streams, with wet weather discharges authorized from listed bypass and CSO outfalls, subject in each case to the terms and conditions of the applicable permit. Both 2001 permits prohibit dry weather discharges from specified bypass and CSO outfalls. SSO points, from which all discharging is prohibited, are listed in Attachment B to the 2001 Belmont Permit rather than in the Southport permit.

24. Attachment A to both of the 2001 permits prohibits discharges from specified CSOs that cause or contribute to violations of water quality standards or the impairment of designated or existing uses. Attachment A to both 2001 permits also prohibits bypasses, which are intentional diversions of a waste stream from any portion of a treatment facility. Both 2001 permits provide, further, that the Commissioner of IDEM may take enforcement action for any prohibited bypass unless, *inter alia,* the bypass was unavoidable to prevent loss of life, personal injury or severe property damage, there were no feasible alternatives to the bypass, and IDEM was notified of the bypass.

25. Copies of the 1985 and 2001 permits are attached hereto as Attachment 1 (the 1985 Belmont Permit), 2 (the 1985 Southport Permit), 3 (the 2001 Belmont Permit) and 4 (the 2001 Southport Permit.

## FIRST CLAIM FOR RELIEF
(Combined Sewer Overflows – Prohibited Wet Weather Discharges)

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. On various dates from August 29, 2003 until the present, including but not limited to the dates in Attachment 5 hereto, the Defendant discharged pollutants from designated CSO locations specified in Attachments A to its 2001 Belmont Permit and Attachment A to its 2001 Southport Permit, in amounts and quality that violated the terms and conditions of those permits, including, specifically, Part I.B of Attachment A to each permit, which provides that "[d]ischarges from the CSOs listed herein shall not cause or contribute to violations of water quality standards or to the impairment of designated or existing uses."

28. Each of the foregoing discharges from designated CSO locations that caused

or contributed to violations of water quality standards or to the impairment of designated or existing uses of the receiving water violates the terms and conditions of Defendant's 2001 permits and constitutes a separate violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), for each day of each discharge from each location.

29. Each of the foregoing discharges constitutes a separate violation of Ind. Code § 13-30-2-1 and 327 IAC 5-2-2.

30. Unless enjoined by the Court, the Defendant will continue to violate Section 301 of the CWA, 33 U.S.C. § 1311, Ind. Code § 13-30-2-1 and 327 IAC 5-2-2.

31. For each violation referred to in this claim, Defendant is subject to injunctive relief and civil penalties of up to $27,500 per day for each violation occurring before March 15, 2004 and up to $32,500 per day for each violation occurring after March 15, 2004.

32. Pursuant to Ind. Code § 13-30-4-1, Ind. Code § 13-14-2-6 and 327 IAC 5-2-20, the foregoing violations subject Defendant to injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

### SECOND CLAIM FOR RELIEF
(Combined Sewer Overflows and Bypasses -- Prohibited Dry Weather Discharges)

33. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

34. The 1985 Belmont Permit, the 1985 Southport Permit, the 2001 Belmont Permit and the 2001 Southport Permit each prohibits dry weather discharges from the listed outfalls.

35. On various dates from July 1, 1995 to the present, including but not limited to the dates in Attachment 6 hereto, the Defendant discharged during dry weather from some or all of the specified CSO and bypass outfalls listed in the various permits, in violation of the terms and

conditions of the permits and of Section 301 of the CWA, 33 U.S.C. § 1311.

36. Each of the foregoing dry weather discharges constituted a separate violation of Defendant's permit and of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), for each day of each discharge from each location.

37. Each of the foregoing discharges constitutes a separate violation of Ind. Code § 13-30-2-1 and 327 IAC 5-2-2.

38. The Defendant violated and, unless enjoined by the Court, will continue to violate Section 301 of the CWA, 33 U.S.C. § 1311, § 13-30-2-1 and 327 IAC 5-2-2.

39. Pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), the Defendant is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation of the CWA prior to January 30, 1997, up to $27,500 per day for each violation of the CWA occurring between January 30, 1997 and March 15, 2004 and up to $32,500 per day for each violation occurring after March 15, 2004.

40. Pursuant to Ind. Code § 13-30-4-1, Ind. Code § 13-14-2-6- and 327 IAC 5-2-20, the foregoing violations subject Defendant to injunctive relief and to civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

### THIRD CLAIM FOR RELIEF
(Prohibited Bypasses)

41. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

42. On various dates from August 29, 2003 to the present, including but not limited to the dates in Attachment 7 hereto, Defendant diverted wastewater from treatment facilities at the

Belmont AWTP and/or the Southport AWTP resulting in a discharge of untreated or partially treated water to the receiving water.

43. The foregoing diversions violated the bypass prohibitions in the 2001 Belmont Permit and the 2001 Southport Permit, and were in violation of Section 301 of the CWA, 33 U.S.C. § 1311, for each day of each such bypass at each location.

44. Each of the foregoing bypasses constitutes a separate violation of Ind.Code § 13-30-2-1 and 327 IAC-5-2-2 .

45. The Defendant violated and, unless enjoined by the court, will continue to violate Section 301 of the CWA, 33. U.S.C. § 1311, Ind. Code § 13-30-2-1 and 327 IAC 5-2-2.

46. Pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), the Defendant is liable for injunctive relief and civil penalties payable to the United States of up to $27,500 per day for each violation of the CWA that occurred before March 15, 2004 and up to $32,500 per day for each violation occurring after March 15, 2004.

47. Pursuant to Ind. Code § 13-30-4-1, Ind.Code §13-14-2-6 and 327 IAC 5-2-20, the foregoing violations subject Defendant to injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

### FOURTH CLAIM FOR RELIEF
( Reporting Violations)

48. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

49. On various dates from July 1, 1995 to the present the Defendant violated the reporting requirements of the 1985 Belmont Permit and the 1985 Southport Permit by failing to report on the Monthly Report of Operation Form the duration and estimated volume of each precipitation-

related bypass or overflow event; and by also failing to report on Indianapolis' Discharge Monitoring Reports ("DMR"s) the duration and estimated flow of discharges from sanitary sewer system bypasses and overflows as required in Attachment A to the 1985 Southport Permit. Each of these omissions violated the applicable permit and Section 301(a) of the CWA, 33 U.S.C. § 1311(a), for each day of each violation at each location.

50. Each of the Defendant's violations of the reporting requirements of its NPDES permits constitutes a separate violation of 327 IAC 5-2-8(9).

51. Pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), the Defendant is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation occurring prior to January 30, 1997, up to $27,500 per day for each violation occurring between January 30, 1997 and March 15, 3004 and up to $32,500 per day for each violation occurring after March 15, 2004.

52. Pursuant to Ind. Code § 13-30-4-1, Ind. Code § 13-14-2-6 and 327 IAC 5-2-20, the foregoing violations subject Defendant to injunctive relief and to civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

## FIFTH CLAIM FOR RELIEF
(Sanitary Sewer System Discharges)

53. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

54. On various dates from July 1, 1995 and continuing to the present, including but not limited to the dates in Attachment 8 hereto, the Defendant discharged untreated or partially treated wastewater from one or more of the sanitary sewer system bypass and overflow locations identified for both plants in Attachment A to the 1985 Southport Permit and Attachment B to the 2001 Belmont

Permit, in violation of the prohibition on such discharges set forth in those permits, and in violation of Section 301 of the CWA, 33 U.S.C. § 1311, for each day of each discharge at each location.

55. Each of the foregoing discharges of pollutants from sanitary sewer system bypass and overflow locations constitutes a separate violation of Ind. Code § 13-30-2-1 and 327 IAC 5-2-2.

56. The Defendant violated and unless enjoined by the court, will continue to violate Section 301 of the CWA, 33. U.S.C. § 1311, Ind. Code § 13-30-2-1 and 327 IAC 5-2-2.

57. Pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), the Defendant is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation of the CWA prior to January 31, 1997, up to $27,500 per day for each violation of the CWA occurring between January 30, 1998 and March 15, 2004, and up to $32,000 per day for each violation occurring after March 15, 2004.

58. Pursuant to Ind. Code § 13-30-4-1, Ind. Code § 13-14-2-6 and 327 IAC 5-2-20, these violations subject Defendant to injunctive relief and civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

## SIXTH CLAIM FOR RELIEF
( Discharges from Unpermitted Point Sources)

59. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

60. On various dates from July 1, 1995 and continuing to the present, including but not limited to the dates in Attachment 10 hereto, the Defendant discharged pollutants from point sources not identified in or authorized by any NPDES Permit issued by U.S. EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342. These unauthorized discharges were overflows from the Defendant's sanitary sewer system (SSOs) or from its combined sewer system (CSOs), from locations that were not specified in any permit.

61. Each of the Defendant's discharges from point sources not specified in any NPDES Permit violated Section 301(a) of the CWA, 33 U.S.C. § 1311(a), for each day of each discharge from each such location.

62. Each of the foregoing discharges constitutes a separate violation of Ind. Code § 13-30-2-1, and 327 IAC 5-2-2.

63. The Defendant violated and, unless enjoined by the Court, will continue to violate Section 301 of the CWA, 33 U.S.C. § 1311, Ind. Code § 13-30-2-1, and 327 IAC 5-2-2.

64. Pursuant to Sections 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), the Defendant is liable for injunctive relief and civil penalties payable to the United States of up to $25,000 per day for each violation of the CWA prior to January 30, 1997, up to $27,500 per day for each violation occurring between January 30, 1997 and March 15, 2005, and up to $32,000 per day for each violation occurring after March 15, 2004.

65. Pursuant to Ind. Code § 13-30-4-1, Ind. Code § 13-14-2-6 and 327 IAC 5-2-20, the foregoing violations subject the Defendant to injunctive relief and to civil penalties payable to the State of Indiana of up to $25,000 per day for each violation.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs the United States of America and the State of Indiana, pray that the Court:

1. Issue a permanent injunction restraining and preventing the Defendant from any further violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., Title 13 of the Indiana Code, Title 327 of the Indiana Administrative Code and Defendant's NPDES Permits;

2. Order the Defendant to expeditiously complete all actions necessary to ensure

13

that Defendant complies with all requirements imposed by its NPDES Permits, all other applicable requirements of the Clean Water Act, and Title 327 of the Indiana Administrative Code, Articles 2 and 5.

       3. Order the Defendant to pay a civil penalty to the United States of up to $25,000 per day for each violation of the Clean Water Act occurring before January 30, 1997, $27,500 per day for each violation of the Clean Water Act occurring between January 30, 1997 and March 15, 2004, and up to $32,500 per day for each violation occurring after March 15, 2004, and to pay to the State of Indiana a penalty of up to $25,000 a day for each violation of Indiana Code § 13-30-2-1 and Title 327 of the Indiana Administrative Code, Articles 2 and 5.

       4.   Award the plaintiffs their costs of this action.

       5.   Grant the plaintiffs such further relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

*/s/ Sue Ellen Wooldridge*
SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

*/s/ Miriam L. Chesslin*
MIRIAM L. CHESSLIN
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-1491

14

United States Attorney for the Southern District of Indiana

_signature_

THOMAS E. KIEPER
Assistant United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204
(317) 229-2415


FOR THE STATE OF INDIANA

STEVE CARTER
Indiana Attorney General

_signature_

SIERRA L. CUTTS
Deputy Attorney General
Office of the Attorney General
302 West Washington Street
Indianapolis, IN 46204
(317) 232-5663


OF COUNSEL:

GARY PRICHARD
SUSAN PERDOMO
Associate Regional Counsel
U.S. Environmental Protection Agency, Region V

ALAN MORRISSEY
Attorney-Advisor
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency

ELIZABETH ADMIRE
Attorney
Indiana Department of Environmental Management

15